# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ITRIAN JIMINEZ, | : | |
| | : | Civil Action No. 19-12662 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court on the amended motion for attorney's fees, pursuant to 42 U.S.C. § 406(b), by counsel to Plaintiff Itrian Jiminez. Although the Commissioner responded to the motion, it appears to be only clarifying, not opposing. For the reasons stated below, the motion will be granted.

In 2017, Plaintiff and Counsel entered into an agreement for Counsel to represent Plaintiff in the federal Social Security appeal process. The agreement provided for a contingent fee arrangement, with Plaintiff agreeing that Counsel was entitled to 25% of retroactive benefits awarded. Counsel represented Plaintiff through numerous steps and levels of the appeal process. Plaintiff ultimately prevailed and, on June 13 and 15, 2021, the Social Security Administration issued Award Notices stating the amount of past due benefits due to Plaintiff.

Plaintiff was authorized retroactive benefits in the amounts of $70,373.48 and $2,131.92. Counsel now asks this Court to authorize payment of the amount of $18,125.37 in fees, which represents the 25% to which she is contractually entitled. Counsel contends that the requested fee

1

is fair and reasonable given that Plaintiff recouped six years in wrongfully denied past-due benefits thus far, and the number of hours spent pursuing Plaintiff's federal court case (over 55 hours).

The statute, 42 U.S.C. § 406(b)(1)(A), states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statute requires that the fee must be reasonable. Plaintiff and her counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. Because this is within the statutory maximum allowed by § 406(b), and Plaintiff's counsel seeks the 25% rate to which she is contractually entitled, and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable. Plaintiff's attorney was previously awarded $9,100.00 in attorney fees and, as required by law, the attorney will refund the amount of EAJA fees of $9,100.00 to the Plaintiff upon receipt of these fee awards.

For these reasons,

**IT IS ON THIS** 25th DAY OF June, 2021

**ORDERED** that Plaintiff's amended motion for attorney's fees (Docket Entry No. 27) is **GRANTED**; and it is further

**ORDERED** that the Court authorizes a payment to Sheryl Gandel Mazur, Esquire, in the amount of $18,125.37 in attorney's fees which have been withheld from Plaintiff's past-due benefits for court-related services.

                                              s/ Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.